

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~XXXXXXXXSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Merritt F. Hines
County Attorney
Midland County
Midland, Texas

Dear Sir:

Opinion No. 0-1335-A  Reconsideration
Re:  Payment of costs in connection with the prosecution of offenses under Art. 567b, Vernon's Penal Code.

We are in receipt of your request for a reconsideration of our Opinion No. 0-1335, especially in respect to the first question answered therein.

We quote from your letter as follows:

"This will acknowledge receipt of your above designated opinion of recent date, which, I believe, correctly states the law relating to the matters therein contained with probably one exception, and on that I would appreciate a further expression.

"I am sure you have at hand the questions I have posed, so I will not re-state them here.

"In your first paragraph beginning on page 4 of your said opinion, you say as follows:

"'Answering your first question, if a defendant is convicted of a felony for swindling with a worthless check under Article 567b, Vernon's Penal Code, it is our opinion that costs collected from him are payable into the State Treasury in accordance with the provisions of Article 1018, Code of Criminal Procedure and the officers to whom costs are due look to the state for the payment of same; if a defendant, on the other hand, is convicted of a misdemeanor for swindling with a worthless check under Article 567b, those costs of the officers for issuing and serving process which are charged against the

defendant and paid by him are payable in-
to the State Treasury, but there is no ap-
propriation available for the payment by
the state of the costs of officers for is-
suing and serving process in misdemeanor
cases under Article 567b.'

"Now, this interpretation of the statutes
leaves the officers in counties that are operat-
ing under the fee system in the following fix:
In misdemeanor cases under Article 567b, Vernon's
Penal Code, the officers do the work required of
them, get convictions, and the costs adjudged a-
gainst the defendants, collect the same, and then,
if they follow this interpretation, pay all costs
so collected into the State Treasury, knowing all
the while that they are not going to be reimbursed
by the State because no appropriation has been
made for that purpose, and hence they do the work
for nothing."

Section 5 of Article 567b, Penal Code of Texas, reads
as follows:

"In all prosecutions under sections 1, 2,
and 3 of this Act, process shall be issued and
served in the county or out of the county where
the prosecution is pending and have the same
binding force and effect as though the offense
being prosecuted were a felony; and all officers
issuing and serving such process in or out of
the county wherein the prosecution is pending,
and all witnesses from within or without the
county wherein the prosecution is pending, shall
be compensated in like manner as though the of-
fense were a felony in grade." (Underscoring ours)

Article 1018, Code of Criminal Procedure, provides:

"When the defendant is convicted, the costs
and fees paid by the State under this title
(Title 15 - Criminal Actions) shall be a charge
against him, except when sentenced to death or
to imprisonment for life, and when collected
shall be paid into the State Treasury." (Paren-
thetical insertion and underscoring ours).

It is obvious from the plain terms of Section 5 of
Article 567b, above quoted, that the only officers affected
thereby are officers who issue or serve process in and out of
the county or do both.

In our original opinion No. O-1335 we called attention to the following facts:

First, that under Article 567b, if a defendant is convicted of swindling with a worthless check, the offense is either a statutory felony or misdemeanor, conditioned upon the penalties set out in Section 4 of the Article.

Second, that if the amount of money involved is $50.00 or more, or if a third conviction is obtained, then the offense is a felony, and the appropriation under H.B. 257, 46th Leg., the Judiciary Appropriation Bill, is available for the payment of costs by the state to officers.

Thirdly, if the amount involved is less than $50.00 on first and second convictions, then the offense is a misdemeanor, and the appropriation for the current biennium provided in H.B. No. 257, supra, is not available for compensating officers issuing and serving process in or out of the county wherein the prosecution of such a misdemeanor under Article 567, supra, is pending.

See our opinions Nos: O-1135 and O-1567.

Fourthly, it was pointed out that under Article 567b, all prosecutions - whether felonies or misdemeanors - are placed upon the same basis for the purpose of compensating officers issuing and serving process in or out of the county wherein the prosecutions under the Act are pending.

Furthermore, in opinion No. O-1335, in construing Section 4 of Article 567b, together with Article 1018, Code of Criminal Procedure, we reached the conclusion that all costs collected from a defendant convicted either for a felony or a misdemeanor under Article 567b are payable into the State Treasury. In so holding, we relied upon the final phrase of Article 1018, supra, which reads as follows: "and when collected shall be paid into the State Treasury."

The result of such a holding would have an extremely harsh effect upon officers issuing and serving process in misdemeanor cases under Article 567b, because although they collected fees and costs from the defendant and turned them over to the State Treasury, there is no appropriation available for the payment by the State of the fees and costs of officers for issuing and serving process in misdemeanor cases under Article

567b. This is true even though Section 5 of Article 567b states that compensation shall be "in like manner as though the offense were a felony in grade." Of course, in the felony cases under the Act, the appropriation under the Judiciary Appropriation Bill would provide the funds for payment of fees and costs by the State, but here also it would be extremely circuitous to have the costs and fees paid to officers forwarded to the State and then payment made by the State to the officers.

The question before us now, however, is whether or not it is at all necessary for the officers issuing and serving process in or out of the county wherein prosecutions under Article 567b are pending to forward to the State Treasury costs and fees paid to them by the convicted defendant in such actions where the state has not paid such costs or is not in a position to make payment.

From what has been stated above, it follows that in the case of felonies, if the officers turned said collected costs and fees over to the State Treasury, then the State would have to pay the officers in turn out of the appropriation for such purpose. This makes for an unwarranted duplication of action.

In the case of misdemeanors the officers who turned over to the State the fees and costs to which they were entitled would realize nothing since there is no appropriation out of which to reimburse them notwithstanding the fact that under Section 5 of Article 567b "all officers issuing and serving process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending shall be <u>compensated in like manner</u> as though the offense were a felony in grade." (Underscoring ours).

After carefully considering Article 1018, supra, we have reached the conclusion that it is the object of this statute to make only those costs and fees already "paid by the State" a charge against the convicted defendant for the express purpose of their payment into the State Treasury by the officers who collected them. Where the State has not paid out any costs and fees, but the defendant has paid them to the officers, there is no need for the collected funds to be paid into the State Treasury. It was obviously the intention of the Legislature that the State pay fees and costs in felony cases only where the local officers did not collect directly from the defendant previous to payment by the State. Any other construction would recognize a right of the local officers to the payment of fees and costs by the convicted de-

fendant and also by the State. It is apparent that only those fees and costs previously "paid by the State" shall be paid into the State Treasury when collected from the convicted defendant. Where the State has not paid the costs and fees, there is no necessity for the monies collected by officers going to the State. It follows, of course, that where fees and costs have been collected by the local officers that they cannot also receive payment of costs from the State.

Our conclusion is that Article 1018, Code of Criminal Procedure, governs the disposition of fees and costs collected from a defendant in felony cases when such costs and fees have previously been paid to the officers by the State. Consequently, in prosecutions and convictions in misdemeanor cases under Article 567b, where the defendant pays fees and costs to the officers, they may retain them. However, if there should be at any time an available general appropriation to pay the fees allowed officers for issuing or serving process in such misdemeanor cases, if the fees and costs have been paid by the State, or claims have been filed with the State for such fees, said claims approved by the Comptroller and warrant or deficiency certificate issued for same, fees and costs subsequently collected from the defendant must be forwarded to the State Treasury as required by Article 1018.

We wish to call attention to the well-established rule of law that costs and fees already paid by the State cannot be collected except by execution as in civil suits.

Ex Parte Hill, 15 S. W. (2d) 14, 15;
Ex Parte Byrd, 13 S. W. (2d) 855;
Ex Parte Smith, 8 S. W. (2d) 139.

It has already been pointed out in this opinion that under Section 5 of Article 567b, Penal Code, the only officers affected thereby are officers who issue and/or serve process in or out of the county in prosecutions under the Act. We will now consider the effect of this statute upon the respective officers of the county, as follows:

First, the county attorney. The county attorney neither issues nor serves process, and therefore this article does not apply to the county attorney. The county attorney is still entitled to his statutory fees allowable to him in cases of this character. In fee counties, the county attorney's fees in misdemeanor cases of this character are still collectible from the defendant as a portion of the costs, and are still to be retained by the county attorney.

Second, the justice of the peace. Although the justice of the peace issues warrants and other criminal process in misdemeanor cases of this nature, the statutes do not allow justices of the peace any specific fee for issuing criminal process in misdemeanor cases. The justice of the peace is paid by the county for his services in each criminal case. See Article 1052, Code of Criminal Procedure of Texas. The four-dollar trial fee assessed against a defendant in a misdemeanor case is a fee payable to the county, and is collectible as a portion of the costs. See Article 1074, Code of Criminal Procedure. We are of the opinion that the trial fee should still be taxed as a portion of the costs in a case under this article, and be collected and paid to the county.

Third, sheriffs, constables and arresting officers. This article applies to the fees of sheriffs, constables and other arresting officers for serving process, and includes the necessary mileage in serving such process. For example, the fees for executing warrants of arrest, serving capias profines, serving commitments, subpoenaing witnesses and serving other criminal process in worthless check misdemeanor cases by such officers would clearly come within Section 5 of Article 567b, Penal Code of Texas. Such fees are retained unless the State has previously paid them in the felony cases. The are, however, other fees which sheriffs and constables in fee counties might retain, which would not fall into the classification of "fees for serving process"; for example, fees for taking the approving defendant's bail bond, fees for release, etc. Such fees as last named would be collectible from the defendant as costs, and the officer entitled to same could retain such fees.

Fourth, the county judge. The county judge is entitled to no statutory fee for issuing criminal process, nor does he serve any criminal process. In fee counties, the county judge is paid a fee by the county for each criminal action tried and finally disposed of before him. Art. 1052, C.C.P. The county charges the defendant, provided he is convicted, a trial fee, which is taxed as a part of the costs. See Article 1074, Code of Criminal Procedure. This trial fee should be collected from the defendant in case of conviction as a part of the costs, and should be paid to the county.

Fifth, the county clerk. Section 5 of Article 567b will apply to the fees of the county clerk for issuing criminal process. The fees collected by the county clerk for issuing criminal process in such misdemeanor worthless check cases are collectible from the defendant as a part of the costs, and may be retained in lieu of payment by the State. Moreover, fees of the county clerk other than for issuing

process could be retained by the county clerk in fee counties. See Article 1064, Code of Criminal Procedure of Texas, for a detailed list of the fees of the county clerk.

What we have heretofore said with reference to the collection and retention of fees by officers in connection with the issuance and service of process applies to witnesses.

In accordance with the above reasoning, we modify our answer to the first question of opinion No. 0-1335 to read as follows:

If a defendant is convicted of a felony for swindling with a worthless check under Article 567b, Vernon's Penal Code, it is our opinion that costs collected from him are payable into the State Treasury as provided under Article 1018, Code of Criminal Procedure, where they have previously been paid by the State but that the officers to whom fees and costs are due may retain them when they are paid by the convicted defendant and not by the State; if a defendant is convicted of a misdemeanor for swindling with a worthless check under Article 567b, those costs of the officers for issuing and serving process which are charged against the defendant and paid by him to said officers are not payable into the State Treasury, there being no appropriation available for the payment by the State of the costs of officers for issuing and serving process in misdemeanor cases under Article 567b.

We wish to thank you for your splendid brief which has aided us greatly in passing upon this matter.

Trusting that this satisfactorily clarifies the situation, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

DS:ob:wc

By s/Dick Stout
Dick Stout
Assistant

APPROVED MAY 9, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman